United States District Court
Southern District of Texas
**ENTERED**
March 30, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QES PRESSURE CONTROL, LLC, | § § | |
| Plaintiff, | § § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-3661 |
| ZURICH AMERICAN INSURANCE COMPANY, | § § § § | |
| Defendant. | § § | |

## ORDER

Pending before the Court is Plaintiff QES Pressure Control, LLC's ("QES" or "Plaintiff") Motion for Partial Summary Judgment. (Doc. No. 40). Defendant Zurich American Insurance Company ("Zurich" or "Defendant") filed a Response in opposition, (Doc. No. 42), and Plaintiff filed a Reply in support. (Doc. No. 46). Defendant also filed objections to Plaintiff's summary judgment evidence. (Doc. No. 43).

Also pending before the Court is Defendant's Motion for Summary Judgment. (Doc. No. 44). Plaintiff has filed a Response in opposition, (Doc. No. 48), and Defendant has filed a Reply in support (Doc. No. 49). Defendant subsequently filed a motion objecting to Plaintiff's Declaration used as part of its Response. (Doc. No. 50).

After reviewing the motions and applicable law, the Court denies Plaintiff's Motion for Partial Summary Judgment and grants Defendant's Motion for Summary Judgment.

### I. Factual Background

This case arises from a dispute over the terms of an insurance policy. Plaintiff entered into a General Services Agreement ("GSA") with Kinder Morgan CO2 to perform various oilfield/well services. Pursuant to the GSA, Plaintiff was required to add Kinder Morgan CO2, as well as other

Kinder Morgan entities, as additional insureds on relevant insurance policies. It also required Plaintiff to defend and indemnify the Kinder Morgan entities from any bodily injury or death claims in favor of Plaintiff's employees.

One of Plaintiff's insurance policies (the "Policy") was issued by Defendant Zurich. The Policy stated that, under certain conditions, "any person or organization whom [Plaintiff is] required to add as additional insured on this policy" would be included under the "Who Is An Insured" category. Furthermore, the Policy covers Plaintiff for defense and indemnity obligations resulting from "bodily injury" and "property damage" for which Plaintiff is required to pay damages via an assumption of liability under an "insured contract," which arguably would encompass the indemnity provision of the GSA.

This case is derived from a dispute over the duty to defend (and possibly indemnify) three Kinder Morgan entities in an underlying lawsuit allegedly involving one of Plaintiff's former employees.[1] In February 2019, Plaintiff was performing work under the GSA at the Yates Field Unit Well in West Texas. Daniel Henderson ("Henderson"), apparently, was a supervisor at the site. While working at the Yates Field site, Henderson was allegedly exposed to toxic gases after a natural gas pipeline ruptured (the "Incident"). In March, shortly after his exposure to the gases, Henderson died.

In April 2020, the Underlying Plaintiff, Henderson's wife, sued Kinder Morgan Inc., Kinder Morgan Energy Partners, L.P., and Kinder Morgan G.P., Inc. ("Underlying Defendants"), alleging that Henderson was provided with defective equipment ("Underlying Lawsuit").[2] Shortly

---

[1] This fact is disputed and is addressed later in this Order.

[2] *Crystayl Henderson, Individually and as Representative of the Estate of Daniel Henderson, Deceased, v. Kinder Morgan, Inc., et al.*, No. P-8217-83-CV (83rd Dist. Ct., Pecos County, Tex. filed Apr. 29, 2020).

2

after Underlying Defendants were served with the lawsuit, they tendered defense of the lawsuit to Defendant for a defense and potential indemnity of the Kinder Morgan entities as additional insureds under the Policy. (Doc. No. 1 at 3).

When notified of the lawsuit, Defendant denied coverage to the Kinder Morgan entities. Defendant denied coverage in a May 22, 2020, letter, on the grounds that Plaintiff and the Kinder Morgan entities failed to report the "pollution incident" within 90 days of its occurrence as required by the Policy's Time Element Limited Pollution Liability Endorsement ("TEPE"). (Doc. No. 1 at 5).

After Defendant denied coverage, QES filed this suit, seeking a declaratory judgment that the notice to Defendant was valid, despite being over a year after the incident, because Defendant has not demonstrated actual prejudice as a result of the late notice. Plaintiff also alleged a breach of contract claim, an unfair claims settlement practices claim, and a violation of the Prompt Payment of Claims Act.

Plaintiff filed a Motion for Partial Summary Judgment arguing that (1) it is entitled to summary judgment because the Policy requires Defendant show prejudice from an alleged failure to comply with notice requirements included in the Policy; (2) that it is entitled to declaratory judgment that Zurich owes a duty to defend Kinder Morgan CO2 as an additional insured; and (3) that Defendant's denial of coverage constitutes a breach of contract and a violation of the Texas Insurance Code. (Doc. No. 40).

Defendant filed a Motion for Summary Judgment arguing that it is entitled to summary judgment arguing that (1) no insured party gave Defendant the appropriate notice under the policy's TEPE provision; (2) the TEPE does not require that prejudice be shown; (3) the TEPE precludes coverage if the notice requirement is not satisfied; (4) even if prejudice is required,

3

Plaintiff cannot show that either Kinder Morgan CO2 or the Underlying Defendants are additional insureds; (5) the "employer's liability exclusion" precludes its duty to defend the Kinder Morgan entities; and (6) Plaintiff's extra-contractual claims fail as a matter of law. (Doc. No. 44).

## II. Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the Court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248.

## III. Analysis

A. <u>The Insurance Policy, Notice, and the Law</u>

Both Plaintiff's Motion for Partial Summary Judgment and Defendant's Motion for Summary Judgment focus, not surprisingly, on the primary issue raised in the denial letter: whether

4

Defendant properly denied the claim due to defective notice, and on whether Zurich was required to demonstrate prejudice in order to deny Plaintiff's claim based upon the fact that the insured parties did not comply with the notice deadline. (*See* Doc. Nos. 40, 44). Prior to addressing the prejudice requirement, the Court must outline the notice requirement set forth in the TEPE.

It is important to first note that the original general liability policy did not cover damages resulting from pollution. Those events were generally excluded. (Doc. No. 24-1 at 67–68). This broad form exclusion was amended by the TEPE endorsement to provide coverage under certain conditions. (*Id.* at 61–64). The TEPE provision begins with "**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**" (Doc. No. 24-1 at 61) (emphasis in original). Additionally, the provision emphasizes: "This endorsement modifies insurance provided under the: **Commercial General Liability Coverage Part**." (*Id.*) (emphasis in original). The terms of the TEPE state that the Pollution Exclusion language outlined in the policy:

> does not apply to "bodily injury" or "property damage" caused by a "pollution incident" provided that:
>
> . . .
>
> The "pollution incident" must be reported to [Defendant] in writing, within thirty (30) days from the date of commencement (unless a different number of days is shown under **Option 2** in the Schedule of this endorsement).

(*Id.*) (emphasis in original). "Option 2" of the TEPE provision reads "90 days." (*Id.*). Thus, it is uncontested that the terms of the Policy require that Zurich be notified within 90 days of the commencement of the pollution incident. Plaintiff does not contest that the pollution incident was reported well after 90 days from its commencement. (Doc. No. 40 at 10). The Court now turns to the "prejudice" controversy.

5

B. <u>Was Defendant Required to Demonstrate Prejudice to Deny Plaintiff's Claim?</u>

Plaintiff argues that when read as a whole, the Policy's plain language requires that Defendant must demonstrate prejudice before denying coverage. (Doc. No. 40 at 11). Specifically, Plaintiff argues that the Texas Changes Endorsement in the Policy modifies the notice provisions in the TEPE to include a prejudice requirement. (*Id.* at 12). In support of this argument, Plaintiff points the Court to *PetroSantender (USA), Inc. v. HDI Global Ins. Co.*, 308 F. Supp. 3d 1207 (D. Kan. 2018), a case analyzed under Texas law.

In *PetroSantender*, an insured party sought coverage from its insurance carrier after a saltwater spill damaged property subject to the relevant insurance policy. 308 F. Supp. 3d at 1210. Plaintiff notified Defendant the incident 141 days after discovering the spill, though the policy required that notice be given within 120 days. *Id.* The court began its analysis by looking to Order No. 23080 issued by the Texas State Board of Insurance, which reads:

> As respects *bodily injury* liability coverage and *property damage* liability coverage, unless the company is prejudiced by the *insured's* failure to comply with the requirement, any provision of this policy requiring the *insured* to give notice of action, *occurrence* or loss, or requiring the *insured* to forward demands, notices, summons or other legal process, shall not bar liability under this policy.

*Id.* at 1212 (quoting State Bd. of Ins., *Revision of Texas Standard Provision for General Liability Policies—Amendatory Endorsement–Notice*, Order No. 23080 (Mar. 13, 1973), available at http://www.tdi.texas.gov/commercial/pcck23080.html (last updated Mar. 16, 2018) (hereinafter "Order 23080") (emphasis in original). The court projected that, while the Supreme Court of Texas had not ruled on the specific issue in the case, it would likely impose a prejudice requirement. The Kansas court based its decision that the notice-prejudice rule would be applied based on "the Texas Supreme Court's most recent decisions involving the notice-prejudice rule . . . as well as the mandatory nature of Order 23080." *Id.* at 1217. After briefly discussing a handful of

6

distinguishable Texas and Fifth Circuit cases, the court held that "Texas courts have recognized that Order 23080 applies to all CGL policies, and at least one Court has concluded that even if the CGL did not include the mandatory endorsement identified in Order 23080, that it still applied to the policy in question." *Id.*

Plaintiff concludes that the reasoning offered by *PetroSantender* is more compelling in this case because, unlike the policy at issue in *PetroSantender*, the prejudice requirements of Order 23080 "are embodied ***in the express terms of the Zurich policy itself.***" (Doc. No. 40 at 18) (emphasis in original). Plaintiff contends that, when read as a whole (as required by Texas law), "the plain language of the Policy dictates that Zurich must demonstrate prejudice before denying coverage for untimely notice under the TEPE provisions." (Doc. No. 40 at 18).

In response and in support of its own motion, Defendant first notes that Plaintiff admits that neither QES nor any Kinder Morgan entity satisfied the TEPE reporting requirement of reporting the Incident within 90 days. (Doc. No. 42 at 14) (citing Doc. No. 40 at 10). Plaintiff has conceded this fact.

Second, Defendant argues that the *PetroSantender* case is contrary to the controlling law in the Fifth Circuit. (Doc. No. 40 at 9). Defendant additionally argues that the provision at issue in *PetroSantender* makes reference to an "occurrence" caused by a pollution incident, whereas the TEPE reporting requirement does not use the "occurrence" language. (Doc. No. 140 at 15) (citing Doc. No. 42-7 at 61). This distinction is important, per Defendant, "as Texas courts have repeatedly distinguished between occurrence-based and claims-made policy provisions in applying the notice-prejudice rule." (Doc. No. 42 at 15) (citing to *PAJ, Inc. v. Hanover Ins. Co.*, 243 S.W.3d 630, 631 (Tex. 2008) and *Prodigy Commcn's v. Agric. Excess & Surplus Ins. Co.*, 288 S.W.3d

7

374, 375 (Tex. 2009)). Therefore, Defendant concludes, *PetroSantender* is distinguishable and ought not apply to this case.

On the same point, Defendant argues that while the Policy has specific provisions—such as the terms reflected in Order No. 23080 and the Texas Changes Endorsement—requiring notice of an "occurrence," those provisions differ from the explicit 90-day reporting requirement set forth in the TEPE, "which is a critical component of the supplemental coverage provided therein." (Doc. No. 42 at 16). Defendants contend that this is important, because in *Matador*, the Fifth Circuit did not need to consider Order 23080 because it was inapplicable.

Primarily, Defendant argues that the relevant Fifth Circuit authority clarifies that prejudice is not required to deny coverage under the TEPE reporting requirement. Defendants rely on *Matador* and *Starr Indem. & Liab. Co. v. SGS Petroleum Serv. Corp.* to support this contention. *See* 174 F.3d 653 (5th Cir. 1999); 719 F.3d 700 (5th Cir. 2000).

*1. Matador*

In *Matador*, the Fifth Circuit found that an insurance company did not need to demonstrate prejudice to deny an insured's claim because the insured failed to comply with the 30-day notice requirement included in a policy endorsement. 174 F.3d at 657–58. In that case, the policy—much like the Policy here—included an absolute pollution exclusion clause. *Id.* at 655. The policy also included, however, "an endorsement that provided a narrow exception to the absolute pollution exclusion" which amended the policy so that the pollution exclusion would not be applied in the event of a "covered pollution incident." *Id.* "Covered pollution incident" was defined in the endorsement as:

> the discharge, dispersal, release, or escape of pollutants that:
>
> • Results from an event;

8

- Begins and ends within 72 hours, and does not result from a well out of control; or results from a well out of control above the surface of the ground or waterbottom;

- Is known to you or your operating partner within 7 days of its beginning; and

- *Is reported to the company within 30 days of its beginning.*

*Id.* at 656. (emphasis added). In evaluating whether the insurance company needed to show prejudice before it could invoke the insured's failure to give the agreed-upon notice, the Fifth Circuit noted it "must look to the nature of the bargain underlying [the parties'] agreement." *Id.* at 659. After recognizing that the endorsement was included in the policy and agreed to by "sophisticated commercial parties with comparable bargaining power," and further concluding that the nature of the bargain reflects a "claims-made" policy, the court determined that "[t]he endorsement provision supplemented the basic agreement and constituted additional bargained for coverage." *Id.* The Fifth Circuit found that prejudice was not required for the insurance company to deny the claim, noting that "under the plain language of the endorsement, timely reporting of the claim constituted one of the events necessary to trigger coverage. We will respect the plain language of the limitation contained in the endorsement." *Id.* at 660.

Just like in *Matador*, the parties in the instant case are both "sophisticated commercial parties with comparable bargaining power." Furthermore, the plain language of the TEPE, which explicitly modifies the insurance policy, requires that any "pollution incident" must be reported, in writing, within 90 days. (*See* Doc. No. 24-1 at 61). The Court, just as the Fifth Circuit did in *Matador*, must respect the plain language of the notice provision as a condition for coverage. *See Blanco W. Properties, LLC v. Arch Specialty Ins. Co.*, No. H-18-0897, 2018 WL 6573117, at *4 (S.D. Tex. Oct. 5, 2018), *aff'd sub nom.* by 773 F. App'x 795 (5th Cir. 2019).

*2. Starr*

In *Starr*, the Fifth Circuit analyzed an insurance policy with a pollution exclusion clause. 713 F.3d at 701. The policy, however, also included a pollution "buy-back" which allowed for limited pollution coverage. *Id.* Notably, the buy-back provision allowed for pollution coverage when "*the discharge, dispersal, release, or escape was reported in writing . . . within 30 days after having become known to the assured.*" *Id.* (emphasis in original). In the case, the insured party did not provide notice until 59 days after learning of the incident in question. *Id.* at 701–02. The Fifth Circuit, noting the decisions in *PAJ*, *Prodigy*, and *Matador*, held that prejudice was not required because the case dealt "with a specific endorsement, separately negotiated by the parties, with a clear notice requirement." *Id.* at 704. Both *Matador* and *Starr* were decided after Order 23080 was put into effect, and both found that prejudice was not required in a pollution endorsement just like this one.

Defendant contends that prejudice is not required to deny coverage under the TEPE reporting requirement in light of the Fifth Circuit's holdings in *Matador* and *Starr*. (Doc. No. 42 at 19). The Court agrees. First, decisions by Fifth Circuit are binding on this Court. *See Jett Racing & Sales, Inc. v. Transamerica Com. Fin. Corp.*, 892 F. Supp. 161, 163 (S.D. Tex. 1995). Secondly, district courts in this Circuit have also followed *Matador* and *Starr*. For example, in *Blanco West*, a court considered whether an insurance company was required to show prejudice to deny an insured's claim after the insured failed to comply with a specific endorsement provision for notice to the insurer within an explicitly enumerated time period. 2018 WL 6573117, at *4. The court, relying on *Matador*, found that prejudice was not required because plain language of the endorsement imposed a reporting requirement as a condition for coverage. *Id.* The Fifth Circuit subsequently affirmed the case. *See Blanco W. Properties, LLC v. Arch Specialty Ins. Co.*, 773 F.

10

App'x 785 (5th Cir. 2019). All three decisions by the Fifth Circuit address fact situations and insurance policies similar to this one. All three could have theoretically grafted on the requirements of Order No. 23080, but all three chose not to do so.

Finally, the Court is not persuaded that the Texas Changes Endorsement imposes a notice-prejudice requirement on the TEPE. It is a very specific provision adding supplemental coverage for certain pollution incidents that would not have otherwise been covered under the original general policy terms. Plaintiff's Motion for Partial Summary Judgment is denied, and Defendant's Motion for Summary Judgment is granted. Given that Defendant did not need to demonstrate prejudice to deny Plaintiff's claim, the Court need not address the remaining coverage issues raised in either parties' motion.

C. Are the Kinder Morgan Entities Additional Insureds?

The parties also dispute Defendant's duty to defend the Kinder Morgan entities. As noted by Defendant in its Motion, Texas courts adhere to the "eight corners" rule to determine whether an insurer owes a duty to defend. *Richards v. State Farm Lloyds*, 597 S.W.3d 492, 494 (Tex. 2020). "Courts applying the eight-corners rule determine 'the insurer's duty to defend [] by the third-party plaintiff's pleadings, considered in light of the policy provisions, without regard to the truth or falsity of those allegations." *Id.* at 495 (quoting *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 308 (Tex. 2006)).

The Policy language makes clear that the additional insureds are only additional insureds with respect to liability for bodily injury to a QES employee or an employee of a subcontractor acting on QES's behalf. (Doc. No. 24-1 at 34). Though the Complaint in this case alleges that Henderson was a supervisor for Plaintiff, (Doc. No. 1 at 3), according to the Petition in the Underlying Lawsuit, Henderson was "employed by [Kinder Morgan, Inc., Kinder Morgan Energy

11

Partners L.P, and Kinder Morgan G.P., Inc.] as an oilfield contractor." (Doc. No. 48-4 at 2). Thus, Henderson, according to the underlying pleadings, is not an employee of QES or of a subcontractor acting for QES. He was working for Kinder Morgan, at least according to the underlying petition.

Looking only to the underlying petition—as required in an "eight corners" analysis—Henderson must be considered an employee (or contractor) of Kinder Morgan rather than QES. Thus, even if the Court required that Defendant demonstrate prejudice, Defendant would still prevail because under the "eight corners" analysis the Kinder Morgan entities do not constitute "additional insureds" under the Policy.

D. Additional Claims by Plaintiff

Where a breach of insurance contract claim fails, an insured cannot maintain extra-contractual claims unless "the insurer 'commit[s] some act, so extreme, that would cause injury independent of the policy claim,' or 'fails to timely investigate the insured's claim.'" *Blanco West*, 2018 WL 6573117, at *6. (quoting *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995)). No such injury or claim has been alleged here. As such, Defendant is also entitled to summary judgment with respect to the extra-contractual claims.

## IV. Conclusion

For the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment is DENIED, (Doc. No. 40), and Defendant's Motion for Summary Judgment is GRANTED. (Doc. No. 44). Defendant's motions objecting to Plaintiff's evidence are DENIED as moot. (Doc. Nos. 43, 50).

Signed at Houston, Texas, this 29th day of March, 2022.

Andrew S. Hanen
United States District Judge

12